IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES GORDON LONG,

        Plaintiff,

Vs.                              No. 11-3084-SAC

J. BENSON HILLSMAN, and
JOEL BAILEY,

        Defendants.

MEMORANDUM AND ORDER

Charles Gordon Long, an inmate at the United States Penitentiary, Leavenworth, Kansas, filed a *pro se* complaint in Leavenworth County District Court on January 27, 2011. (Dk. 1, Notice of Removal, Ex. 1). Long alleges the defendants, J. Benson Hillsman and Joel Bailey, "wrote, published, republished and caused to be distributed . . . the scandalous and per se defamatory statement that the Plaintiff had committed a sex-related crime and was a 'Sex Offender.'" *Id*. at ¶ 4. Long asserts two causes of action respectively denominating them as the torts of "defamation" and "false light" for which he seeks damages, as well as injunctive and declaratory relief. *Id*. at p. 3. The defendants removed this suit to federal court, and the parties have filed several motions that are ready for decision. Because two of these motions are dispositive here, the court will address only the plaintiff's motion to remand (Dk. 10) and the defendants' motion to substitute and to dismiss (Dk. 6). In this order, the court finds that the

action was properly removed but that it must be dismissed for lack of jurisdiction because the plaintiff did not exhaust the required administrative remedies before filing suit.

On April 22, 2011, the defendants filed a notice of removal asserting federal jurisdiction under the federal officer removal provision, 28 U.S.C. § 1442(a). Filed with the notice was a certification from the United States Attorney for the District of Kansas pursuant to 28 U.S.C. § 2679(d)(2).[1] Exercising his authority given by the United States Attorney General under 28 C.F.R. § 15.4, the United States Attorney certified and found that the defendants Hillsman and Bailey were "employees of the Federal Bureau of Prisons, United States Penitentiary, Leavenworth, Kansas, [and] were acting within the scope of their employment as employees of the United States of America at the time of the conduct alleged in the Complaint." (Dk. 1, Ex. B, Certification).

This notice of removal was not the defendants' first attempt at removing this state court action. The defendants filed a prior notice of removal on March 1, 2011, resulting in the federal case of *Long v. Hillsman, et al.*, No. 11-3051-SAC. This court entered an order on April 12, 2011, that granted the plaintiff's motion to remand because the defendants had not

---

[1]This provision is part of the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") which amended the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

provided a scope-of-employment certification and because neither the notice of removal nor the plaintiff's complaint provided a factual basis for jurisdiction under § 1442(a).  (Dk. 10, Ex. A, Order of Remand filed in *Long v. Hillsman, et al.*, No. 11-3051).  Ten days later, the government filed the notice of removal that resulted in the current action.

**PLAINTIFF'S MOTION TO REMAND (Dk. 10)**

The plaintiff advances several arguments for remand.  The defendants did not file their notice of removal within the thirty-day limit in 28 U.S.C. § 1446(b).  The defendants' notice does not comply with 28 U.S.C. § 1446(a) for they didn't file with it a copy of the complaint and process.  The plaintiff challenges that the defendants should not be given a second chance at removing this action.  Finally, the plaintiff makes the alternative request that the court would accept his voluntary dismissal of the monetary damage claims and remand to state court his claims for injunctive and declaratory relief.

While § 1446(b) certainly imposes a general thirty-day filing period for a notice of removal, the defendants' specific authority for removing this action arises under § 2679(d)(2):

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond <u>at any time before trial</u> by the Attorney General to the district court of the United States for the district and division

3

> embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2) (underlining added).  When confronted with this apparent conflict between the thirty-day limit in § 1446(b) and the expansive "any time before trial" in § 2679(d)(2), the courts have looked to the express and specific terms of § 2679(d) and upheld removal actions as timely if filed "at any time before trial."  See, e.g., McLaurin v. United States, 392 F.3d 774, 778-79 (5th Cir. 2004), cert. denied, 545 U.S. 1104 (2005); Green v. Hill, 954 F.2d 694, 696 n.3 (11th Cir.), superseded in part on other grounds, 968 F.2d 1098 (11th Cir. 1992); Wolfe v. United States, 2010 WL 2600740 at *2 (N.D. Ill. 2010); Allstate Inc. Co. v. Quick, 107 F. Supp. 2d 900, 905 (S.D. Ohio 1999).

The reasons behind these holdings are simple and compelling.  Congress expressly allowed for removal to proceed under the limited circumstances of § 2679(d) "any time before trial," and "Congress is not presumed to have used words for no purpose."  McLaurin, 392 F.3d at 779 (internal quotation marks and citations omitted).  The more specific and express provision should control.  See Wolfe v. United States, 2010 WL

2600740 at *2; *Allstate Ins. Co. v. Quick*, 107 F. Supp. 2d at 905.[2]  This being the Westfall "Act's only temporal limitation on the certification procedure," fairness certainly speaks against imposing "a deadline for § 2679(d) notice that the Act itself does not impose." *Sullivan v. United States*, 21 F.3d 198, 205-06 (7th Cir.), *cert. denied*, 513 U.S. 1060 (1994).  Because the 30–day time requirement for removal in § 1446(b) is not jurisdictional,[3] a court has the authority to review a notice untimely under § 1446(b) but timely under § 2679(d).  *See Green v. Hill*, 954 F.2d at 696 n.3.  The plaintiff's argument on timeliness is meritless.

The plaintiff's other arguments for remand are similarly without merit.  With the notice of removal, the defendants did comply with § 1446(a) by filing copies of the summons and the plaintiff's complaint.  (Dk. 1, Ex. A).

---

[2]The Supreme Court in *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 234 (2007), noted that it had resolved a conflict between the forum-determining provisions in § 1447(d) and § 2679(d):

> "The Court's opinion in *Osborn v. Haley*, 549 U.S. 225, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007), had nothing to say about the scope of review that is permissible under § 1447(d), since it held that § 1447(d) was displaced in its entirety by 28 U.S.C. § 2679(d)(2). See 549 U.S., at 243 – 244, 127 S.Ct., at 895 (reasoning that, of the two forum-determining provisions—§ 1447(d), the generally applicable section, and § 2679(d)(2), a special prescription governing Westfall Act cases—'only one can prevail')."

This decision certainly establishes the judicial preference for resolving statutory conflicts by relying on the specific terms of the Westfall Act.

[3]*Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1236-1237 (D. Kan. 2002) (and cases cited therein).

5

The plaintiff offers no convincing argument for recognizing either legal doctrine--res judicata or law of the case--as applicable to the defendant's filing of a second notice of removal. The defendants did not rely on § 2679(d) nor followed its certification procedure in filing the first notice of removal. So, there is no applicable prior ruling, as the court did not address § 2679(d) or review any certification before entering the remand order in case No. 11-3051-SAC. The Westfall Act plainly imposes no additional time restrictions and triggers removal only upon certification. The court finds no grounds for considering the defendants to have "waived their Westfall Act immunity by failing to invoke it sooner than they did." *Sullivan v. United States*, 21 F.3d at 205-06. Removal here is not simply because of an available federal defense, for Congress expressly established the right of removal under § 2679(d). The plaintiff's off-handed reference to the defendants' certification affidavits as "woefully deficient" does not satisfy the plaintiff's "burden of rebutting" the certification with specific facts showing the employees were not acting within the scope of their employment. *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995); *Daugherty v. United States*, 212 F. Supp. 2d 1279, 1285 (N.D. Okla. 2002), *aff'd*, 73 Fed. Appx. 326 (10th Cir. 2003). Based on its ruling on the next motion, this court finds itself without jurisdiction to entertain the plaintiff's alternative request for remanding his claims for declaratory and injunctive relief. The

plaintiff's motion to remand is denied.

**DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES OF AMERICA AS THE REAL PARTY DEFENDANT AND MOTION TO DISMISS (Dk. 6)**

The individual defendants move the court for an order substituting the United States as the real party defendant and dismissing this action for lack of subject matter jurisdiction. The plaintiff responds incorporating his arguments in support of remand, recasting his claims as sounding not just in tort but as also seeking injunctive and declaratory relief, challenging summarily the sufficiency of the certification affidavits, asserting the employees violated state criminal acts outside the scope of their federal duties, and finally conceding the government's legal position on immunity from the intentional torts pled in the plaintiff's complaint.

In suing the individual defendants for defamation and false light, the plaintiff is bringing a civil action against the individual defendants based on their performance of official duties as case managers at USP Leavenworth. The affidavits establish that Hillsman and Bailey had been assigned the inmate Long as part of their case load and that they were responsible for updating and maintaining the accuracy of inmate Long's central file. (Dk. 1, Ex. B, Att. A and B). Hillsman's affidavit describes finding in Long's central file that he had been assigned a public safety factor of sex offender and then providing Long with a notification form triggering Long's right to appeal this

assignment. (Dk. 1, Ex. B, Att. A). When Long challenged the assignment, Hillsman was then required to investigate the accuracy of the information and so contacted the United States Probation Office. Hillsman avers these actions as a case manager form the basis of Long's allegations that she published a defamatory statement about him. The plaintiff has not come forward with specific facts rebutting the scope-of-employment certification and supporting affidavits. *Richman v. Straley*, 48 F.3d at 1145. The plaintiff has no basis from these uncontested facts for now making any blanket assertion that these employees in performing these duties committed state criminal offenses outside the scope of their office.

"Under section 2679(d)(1) . . ., any civil action against an individual defendant who is a government employee acting within the scope of his employment is deemed an action against the United States. The United States is then substituted as the sole defendant." *Richman*, 48 F.3d at 1145 (footnote omitted). In short, the FTCA provides absolute immunity for federal government employees "by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163 (1991). Upon certification, like here, that the defendants were acting within the scope of their office "at the time of the incident out of which the claim arose," 28 U.S.C. § 2679(d)(2), the United States is substituted as

a defendant and the plaintiff's action must proceed as an action under the FTCA with it being the plaintiff's sole remedy. 28 U.S.C. § 2679(d)(1), (2), and (4). Thus, certification establishes removal jurisdiction, and "district courts [have] no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 241 (2007).

"Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (internal quotation marks and citation omitted). Section 2675(a) establishes a jurisdictional prerequisite barring FTCA "claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citations omitted). The government has established with proper proof that Long submitted an administrative tort claim to the BOP on the matters raised in this suit on September 16, 2010, and that the BOP sent a denial letter to the plaintiff by certified mail on April 15, 2011. The court record shows the plaintiff filed his complaint in Leavenworth County District Court on January 27, 2011, or before the six-month period for agency investigation under § 2675(a) expired and before the BOP formally denied his claim as sent by

9

certified mail in April of 2011.  There is no question that the plaintiff filed his state court complaint before he had exhausted his administrative remedies.

Long's *pro se* original complaint was filed prematurely under the FTCA.  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  This exhaustion requirement is a prerequisite to bringing suit and is not satisfied by a claimant who completes the exhaustion of his administrative remedies after filing suit.  *McNeil*, 508 U.S. at 111-12 ("The most natural reading of the statute [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").  The filing of an amended complaint after the exhaustion requirement is met does not cure a premature original complaint:

> We agree with the *Sparrow* [*v. USPS*, 825 F. Supp. 252 (E.D. Cal. 1993)] court's conclusion that, as a general rule, a premature "complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."  *Sparrow*, 825 F. Supp. at 255.  Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.  *See McNeil*, 508 U.S. at 112; *Sparrow*, 825 F. Supp. at 255.  "Congress intended to require complete exhaustion . . . before invocation of the judicial process."  *McNeil*, 508 U.S. at 112.

10

*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (original complaint filed in state court, and action removed to federal court).  Because Long filed his original complaint before his exhaustion of administrative remedies was complete, this action must be dismissed for lack of subject matter jurisdiction.  See *D'Addabbo v. United States*, 316 Fed. Appx. 722, 724-25, 2008 WL 5062181, at *2 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1634 (2009); *Stevens v. United States*, 61 Fed. Appx. 625, 627, 2003 WL 1712123 at *2 (10th Cir. 2003).

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk. 10) is denied;

IT IS FURTHER ORDERED that the federal defendants' motion to substitute the United States of America as the real party defendant and motion to dismiss for lack of subject matter jurisdiction (Dk. 6) is granted.

Dated this 15th day of November, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge